Filed 3/26/13  Edwards v. Cal. Dept. of Corrections etc. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DAVID EDWARDS,<br><br>　　　Plaintiff and Appellant,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION et al.,<br><br>　　　Defendants and Respondents. | A136728<br><br>(Solano County<br>Super. Ct. No. FCS038699) |

David Edwards, a California prisoner, filed in propria persona a one count first amended complaint against the Department of Corrections and Rehabilitation (Department),[1] Matthew Cate, former Secretary of the Department, and Vincent Hu, a Supervising Dentist for CSP Solano, for damages for "failure to provide dental care."  He appeals from judgments entered for defendants after their demurrers to the complaint were sustained without leave to amend.

His single cause of action alleged that "Defendants failed to take reasonable action regarding Plaintiff's immediate medical needs, of which Defendants knew or should have shown [*sic*], in violation of Cal. Gov. Code § 845.6 and acted with deliberate indifference to Plaintiff's serious medical needs in violation of Plaintiff's Eighth Amendment Rights."  Edwards argues the trial court should be reversed for three reasons:  it wrongly concluded

---

[1]  The Department is sued herein as "CSP Solano," shorthand for California State Prison, Solano, where Edwards is incarcerated.  As used in this opinion, "CSP Solano" will refer to the prison or the defendant Department as the context requires.

he received proper treatment for his dental malady; his complaint was timely; and defendants Cate and Hu are liable to him in damages. In support of these arguments, Edwards roots defendants' obligations to provide him dental care in state statutes and regulations. He makes no argument before this court that his complaint presented a cognizable constitutional claim. As argued, the issues are whether Edwards can state a cause of action for violation of California Code of Regulations, title 15, section 3355.1 (hereafter § 3355.1) or violation of Government Code section 845.6 as alleged in his complaint. We conclude that neither theory of liability can support the cause of action, and affirm the judgment of dismissal.

## I. BACKGROUND

The complaint alleges that Edwards submitted a request for emergency dental care on May 1, 2008, after his "Molar #19" broke in half. What happened thereafter is detailed in exhibits attached to his complaint.

When Edwards received no immediate response to his request, he filed an administrative appeal on May 11. He premised his appeal on section 3355.1, which, until April 2007, stated: "(b) Assigned Facility. Each newly committed inmate shall within 14 days following transfer from a reception center to a program facility receive a complete examination by a dentist who shall develop an individual treatment plant for the inmate. (c) Reexamination. Each inmate under 50 years of age shall be examined at least once every 2 years. All other inmates shall be examined annually."[2] Edwards wrote: "I am over 50 years old, have been here over three years and have never seen a dentist. Now, due to the deliberate indifference and disregard for the law by this institution, I have a broken molar. . . . [¶] I hold this institution responsible for my broken tooth. I will not allow a dentist to merely pull it and leave a hole in my mouth. You are

---

[2] In April 2007, subdivision (b) was amended to state that dental examinations should occur within 90 calendar days of transfer from a reception center. (§ 3351, subd. (b) Register 2007, No. 16 (April 20, 2007) p. 188.42.) As amended in 2012, the regulation presently provides that inmates at assigned facilities are to be notified of their eligibility for specified dental services. (§ 3355.1, subds. (b), (d); Register 2012, No. 13 (March 30, 2012) p. 188.42; Register 2012, No. 40 (Oct. 5, 2012), p. 188.42.)

2

liable, so you are responsible to fix it correctly. That is with a crown or an implant, which ever the doctor deems best. I am aware that these thing are not normally offered, however this is your fault not mine. . . . If this institution is unable to comply then I suggest hiring UC Davis to fix my tooth."

Defendant Hu, writing as "Supervising Dentist, CF," denied the appeal, stating that "permanent crowns and implants are not provided, as they are considered excluded procedures." Hu indicated that Edwards had a "triage appointment" in the prison's dental clinic on May 13. "Your name was also placed on the Priority #2 list for the treatment (restoration) of your offending tooth (#19) and you should be seen within 120-days. [¶] On May 21, 2008, you received an age related examination as you requested. During your interview, you requested to have a permanent crown placed on tooth #19 and you were informed that we do not provide permanent crown coverage . . . ."

Edwards proceeded to a second level of review, which was "partially granted" on April 14, 2009, by "R. McIntyre. DDS, Chief Dentist, CSP-Solano."[3] She wrote: "[Y]ou were informed . . . stainless steel crowns are provided to CDCR inmates. Records indicate that you have been offered the stainless steel crown for tooth (#19) but, you made the decision to decline the stainless steel crown offered to you. A signed refusal dated February 19, 2009, was located in your UHR. The . . . dental staff [advised] that your left lower molar tooth can be supported with the provision of a stainless steel crown, records indicated that on several occasions it was explained to you by different dental staff that barring your acceptance of the stainless steel crown provision, your lower molar tooth (#19) can not be restored but rather is recommended for extraction by the dental staff. Additionally, your dental records indicate that . . . a comprehensive dental examination was provided to you on February 19, 2009. On March 2, 2009, the Oral Surgeon Dr. J[.] Jennings was consulted for a soft tissue anomaly that you had requested

_____

[3] The complaint identifies Rita McIntyre, "Chief Dental Officer for the California State Prison, Solano," as a defendant, but defendants advise that, to their knowledge, McIntyre was not served with the complaint, and Edwards advances no argument as to her.

3

for evaluation.  On March 9, 2009, you had a recent visit to the Dental Clinic for a periodontal health evaluation, which included oral hygiene . . . . [¶] . . . Based on the foregoing, your appeal is **partially granted**, due to you receiving numerous dental appointments, including an oral surgeon evaluation.”

Edwards filed a third level appeal, stating:  “The purpose of this third level of appeal is to exhaust state remedies. [¶] . . . [¶] Your offer of a temporary fix of my broken tooth is not acceptable.  As a matter of record, a second dentist, who temporarily filled my broken tooth with plastic filling on 02/17/2009, said that in his professional opinion the tooth would not hold a temporary steel crown. [¶] This institution and it’s [*sic*] staff are responsible for the condition of my teeth and apparently waiting until my other molar is also beyond repair, thereby leaving no choice but extraction.  I do not care what the C.D.C.R. policy is concerning permanent crowns or implants, the C.D.C.R. is responsible, so the C.D.C.R. will fix my teeth permanently and to my satisfaction.  Since CSP-Solano refuses to permanently and correctly fix my teeth, and leave me in pain in violation of the Eighth Amendment [cruel and unusual punishment], I have no choice but to seek damages . . . .”

The third level appeal was denied on May 11, 2010.  The response informed Edwards that his “appeal file and documents obtained from your Unit Health Record (UHR) were reviewed by licensed clinical staff who determined your care related to your appeal issues was adequate as you received dental treatment to address your dental concerns. [¶] . . . The services you requested are not provided by CDCR dental staff, pursuant to the CDCR Dental Services Program Policy and Procedures. [¶] After review, there is no compelling evidence that warrants intervention at the Director’s Level of Review as your dental condition has been evaluated by licensed staff and you are receiving treatment deemed medically necessary.”

Edwards filed a claim with the Victim Compensation and Government Claims Board on September 21, 2010, against “CSP Solano and CMO.”  He first filed suit on October 13, 2011.  Edwards opposed demurrers challenging the timeliness of his complaint on the basis that his claim was rejected in a letter dated February 24, 2011.  In

4

his opening brief on appeal Edwards says that the letter was delivered to him in prison on February 28, 2011. Edwards lodged a declaration from his son, attorney Jonathan Edwards, who stated in opposition to the demurrers that he attempted to file this action on August 26 and September 2, 2011, but the superior court clerk would not accept the complaint for filing without a trust account verification statement for Edwards from CSP Solano. In view of our conclusions in this opinion, we will not decide whether the complaint was timely, or whether Edwards otherwise complied with the Government Claims Act. (Gov. Code, § 810 et seq.)

The timely notice of appeal states that the appeal is taken from a September 6, 2012 judgment. The judgments for Cate and Hu are dated September 6, 2012, and were filed on September 7, 2012. The judgment for CSP Solano is dated September 12, 2012, and was filed on September 18, 2012. "Notices of appeal are not strictly construed, and an appeal will not be dismissed because of a misdescription of the judgment or order to which it relates unless it appears that the respondent has been misled by such misdescription." (*Title Guarantee & Trust Co. v. Lester* (1932) 216 Cal. 372, 374.) Defendants do not contest the sufficiency of the notice of appeal, and we construe it to apply to all of the judgments against them.

## II. DISCUSSION

Our review of the sustaining of a demurrer is de novo (*Burns v. Neiman Marcus Group, Inc.* (2009) 173 Cal.App.4th 479, 486), and we must affirm the ruling if was correct on any theory, whether or not the theory was raised in the trial court (*Buckland v. Threshold Enterprises, Ltd.* (2007) 155 Cal.App.4th 798, 806). " ' "We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law." ' " (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6.) "If facts appearing in the exhibits [attached to the complaint] contradict those alleged, the facts in the exhibits take precedence." (*Holland v. Morse Diesel Internat., Inc.* (2001) 86 Cal.App.4th 1443, 1447.)

Edwards states in his reply brief that the defendants' violations of section 3355.1 are his "main allegations" in this case. But as a matter of law, that administrative

regulation does not afford a private right of action. "Only the Legislature, through enactment of a statute, can create a private right of action to directly enforce an administrative regulation . . . ." (*Thurman v. Bayshore Transit Management, Inc.* (2012) 203 Cal.App.4th 1112, 1132.) The Legislature has not done so here. To the contrary, it has provided "broad, general" immunity for failing to furnish medical care to prisoners. (*Castaneda v. Department of Corrections & Rehabilitation* (2013) 212 Cal.App.4th 1051, 1071 (*Castaneda*).) Government Code section 845.6, provides that "[n]either a public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody . . . ."

Medical malpractice claims against individual health care providers are excepted from this broad immunity (Gov. Code, §§ 844.6, subd. (d), 845.6), but Edwards does not allege that Cate or Hu personally provided him any dental care, and he is not alleging malpractice against any of their subordinates who treated him.

The only other exception to this broad immunity is "very narrowly written" (*Castaneda*, *supra*, 212 Cal.App.4th at p. 1070) to provide for public employee and entity liability where the employee is acting within the scope of his employment and "knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care." (Gov. Code, § 845.6.) "[T]he duty to 'summon' medical care under [Government Code] section 845.6 neither encompasses a duty to provide reasonable medical care, nor includes a concomitant duty to assure that prison medical staff properly diagnose and treat the medical condition, nor imposes a duty to monitor the quality of care provided." (*Castaneda*, at p. 1072.) "The 1963 Law Revision Commission comments to section 845.6 clarify [that] '. . . *[t]he standards of medical care to be provided to prisoners involve basic governmental policy that should not be subject to review in tort suits for damages*.' " (*Castaneda*, at p. 1070.)

Here, a dentist was summoned on May 21, 2008, to discuss the grievance Edwards filed on May 11. Edwards alleges that he was not treated on May 21, and that he was not treated promptly or properly thereafter. However, as a matter of law his allegations do not support a cause of action under Government Code section 845.6. "California cases

6

have repeatedly limited liability under the statute temporally 'to serious and obvious medical conditions requiring immediate care." [Citations.] Once summoned, the quality of medical care is a matter of medical policy and practice" that does not implicate the obligation to summon medical care under the statute. (*Castaneda*, *supra*, 212 Cal.App.4th at p. 1074.) Here, as in *Castaneda*, "the State's employees were summoned to examine [the prisoner, and] all omissions cited by the [plaintiff] fall under the rubric of obtaining or providing medical care, for which actions the State is immune." (*Id.* at p. 1073.)

We note in closing that the complaint also alleges violation of the Eighth Amendment due to "deliberate indifference" to Edwards's dental needs. (See generally *Estelle v. Gamble* (1976) 429 U.S. 97, 104 [deliberate indifference to serious medical needs of prisoners is " 'unnecessary and wanton infliction of pain' " proscribed by the Eighth Amendment]; *Ochoa v. Superior Court* (1985) 39 Cal.3d 159, 177 [" 'woefully inadequate' " medical care may result in the infliction of cruel and unusual punishment].) Edwards made no argument that his complaint should be revived on the basis of these allegations. (*McGettigan v. Bay Area Rapid Transit Dist.* (1997) 57 Cal.App.4th 1011, 1016, fn. 4 [claims deemed abandoned for lack of argument that trial court erred in dismissing them].) It is questionable that he could successfully do so. Conspicuously absent from the complaint are any allegations that Edwards's dental malady caused the kind of pain and suffering or permanent damage that is the hallmark of Eighth Amendment liability. (See *Hunt v. Dental Dept.* (9th Cir. 1989) 865 F.2d 198, 200.) The fact that Edwards is appearing in propria persona does not afford him greater consideration than we afford other litigants or attorneys. (*Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1210.)

### III.  DISPOSITION

The judgment is affirmed.

_____
Siggins, J.

We concur:

_____
Pollak, Acting P.J.

_____
Jenkins, J.

8